UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| 21ST MORTGAGE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-00934-CDP |
| ) | |
| LEON MILLER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This closed case is before the Court on self-represented Defendant Leon Miller's Motion to Reconsider and Vacate Order of Remand, Request for Judicial Clarification, Recusal, and Protection of Civil Rights. For the following reasons, the motion to reconsider will be granted to the extent that the Court will address Defendant's argument that removal is proper under 28 U.S.C. § 1443(1). On the merits of this argument, however, the Court finds removal is untimely and not proper under 28 U.S.C. § 1443(1). The Court declines to alter or amend its Order of Remand dated July 7, 2025.

### Background

On September 19, 2024, and again on June 23, 2025, Defendant removed this action from the Circuit Court of St. Charles County, Missouri. *See 21st Mort. Corp. v. Miller*, No. 4:24-cv-1273-CDP (E.D. Mo.) (*Miller I*) and *21st Mort. Corp. v. Miller*, No. 4:25-cv-934-CDP (E.D. Mo.). Plaintiff 21st Mortgage Corporation had filed this action in replevin in the Circuit Court of St. Charles County, Missouri, alleging that Defendant defaulted on a promissory note, failed to cure the default, and has failed to surrender possession of the collateral used to secure the note. Defendant was served on August 19, 2024.

The Court remanded *Miller I* on October 9, 2024 based on lack of subject matter jurisdiction and untimeliness. *Miller I* at ECF No. 9. The Court remanded this current action on July 7, 2025, again based on lack of subject matter jurisdiction and untimeliness. *See* ECF No. 11. In *Miller I*, Defendant had removed on the basis of § 1441. Here, he removed on the basis of both § 1441 and § 1443.[1] In its Order of Remand dated July 7, 2025, the Court did not address Defendant's alleged grounds for removal based on § 1443. Plaintiff moves to reconsider the Order of Remand on this basis.

## Motion to Reconsider Order of Remand Dated July 7, 2025 [2]

Generally remand orders are not reviewable "because of a policy preference against having a case ricochet back and forth depending upon the most recent determination of a federal court." *Aceves v. NW Iowa Pork*, 520 F. Supp. 3d 1102, 1105 (N.D. Iowa Feb. 17, 2021) (internal quotations omitted). Under 28 U.S.C. § 1447(d), however, the Court has jurisdiction to reconsider an order of remand if the case was removed pursuant to § 1443. Section 1447(d) provides, "[A]n order remanding a case to . . . State court . . . pursuant to section . . . 1443 of this title [providing for the removal of certain civil rights cases] shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d). Because Defendant purported to remove this action, in part, on the basis of § 1443, the Court may consider his motion for reconsideration. *See City of Urbandale, Iowa v. Whitson*, 117 F.3d 1422, *1 (8th Cir. 1997) (per curiam). The Court will therefore grant Defendant's motion for

---

[1] Defendant's motion for reconsideration contains several errors and mischaracterizations and appears to be at least partially generated through artificial intelligence. His statements that he relied exclusively on § 1443 as a basis for removal are incorrect.

[2] Throughout his motion for reconsideration, Defendant quotes language from the Supreme Court's opinion in *Gutierrez v. Saenz*, 606 U.S. ---, 145 S. Ct. 2258 (2025), however, this language does not appear in the opinion. *See, e.g.*, Doc. 12 at 2-3, ¶¶ 8-11. *Gutierrez* involved a death row inmate's challenge to state statutes regarding DNA testing and procedural due process rights, not removal of actions to federal court.

reconsideration of the Court's Order of Remand dated July 7, 2025 to the extent he alleges removal based on §1443.

### Removal on the Basis of 28 U.S.C. § 1443(1)

As to the merits of Defendant's removal, he has not shown any grounds to support removal under §1443. Title 28 U.S.C. § 1443 states, in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

To demonstrate that removal is proper under 1443(1), a defendant "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997). "[R]emoval is not warranted by an assertion that a denial of rights of equality may take place and go uncorrected at trial. Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts." *Georgia. v. Rachel*, 384 U.S. 780, 800 (1966).

To support § 1443(1) removal, Defendant alleges the state court has refused to timely rule on motions, issued orders without jurisdiction, used the wrong forms, fabricated transcripts, and allowed others to conceal rulings and falsify the docket. *See* ECF No. 1 at 6. In later filings, he identifies himself as African-American and states his belief that this conduct is racially motivated. *See* ECF No. 6 at 1; ECF No. 10 at 1. He alleges "Black litigants cannot expect equal treatment under the law in St. Charles County," and he "fears that he is not safe from systemic racial and financial fraud abuse, or deception even in the face of proper federal removal." ECF No. 6 at 1.

These broad allegations are not based on a "law providing for specific civil rights stated in terms of racial equality." *Rachel*, 384 U.S. at 792. As the Eighth Circuit stated in *U.S. ex rel. Sullivan v. State*, "Section 1443 applies only to denials of specific rights of racial equality and not to the whole gamut of constitutional rights." 588 F.2d 579, 580 (8th Cir. 1978) (per curiam). Allegations that a defendant's federal equal rights have been "illegally and corruptly denied by state administrative officials . . . or that the defendant is unable to obtain a fair trial in a particular state court" are not enough to support removal under 1443(1). *Id.* (quoting *Greenwood v. Peacock*, 384 U.S. 808, 827-28 (1996)). "Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Id.*

There is no indication in the notice of removal or supplemental filings that Defendant is relying on a law of general application that is stated in terms of racial equality. Defendant merely alleges that he is being denied general constitutional rights by the state court. These alleged violations can be addressed in the state court and on appeal. As a result, removal under 28 U.S.C. § 1443(1) is not available to Defendant.

## Conclusion

In its Order of Remand, the Court did not address Defendant's allegations that removal was proper under § 1443(1). Because removal under §1443 is one of the exceptions to the general rule that orders of remand are nonreviewable, the Court grants Defendant's motion to reconsider. Having now considered Defendant's arguments based on § 1443, the Court finds them unpersuasive and declines to alter or amend its Order of Remand dated July 7, 2025.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reconsider and Vacate Order of Remand, Request for Judicial Clarification, Recusal, and Protection of Civil Rights is **GRANTED** to the extent that the Court addresses 28 U.S.C. § 1443(1) as a basis for removal, and **DENIED** in all other respects. [ECF No. 12]

**IT IS FURTHER ORDERED** that the Court will not alter or amend its Order of Remand dated July 7, 2025.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED as moot**. [ECF No. 15]

Dated this 18th day of July, 2025.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE