# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| 21ST MORTGAGE CORPORATION, )<br>    )<br>    Plaintiff, )<br>    )<br>v.    )    No. 4:25-cv-00934-CDP<br>    )<br>LEON MILLER, et al., )<br>    )<br>    Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Recuse or Reassign District Judge to Ensure Neutral and Constitutional Adjudication of Civil Rights Removal Under 28 U.S.C. § 1443(1). The motion is denied.

Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Impartiality is judged objectively: "Would the average person, knowing the facts alleged by the part[y] seeking disqualification, question the Judge's impartiality, and, if so, would that question be reasonable?" *O'Bannon v. Union Pac. R.R. Co.*, 169 F.3d 1088, 1091 (8th Cir. 1999). Stated differently, the test is "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002) (quoting *In re Kan. Pub. Employees Ret. Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996)). If this test is not satisfied, judges have a duty to decide the cases and controversies that come before them. *See Perkins v. Spivey*, 911 F.2d 22, 28 (8th Cir. 1990). "Frivolous and improperly based suggestions that a judge recuse should be firmly declined." *Maier v. Orr*, 758 F.2d 1578, 1583 (9th Cir. 1985).

Defendant's reasons for recusal are frivolous. Like his other filings, his motion appears to have been drafted using generative artificial intelligence. Many of his points are wrong, rely on irrelevant case law, or quote language that appears nowhere in the cited opinions. For example, Defendant's insistence that he relied exclusively on § 1443(1) as the basis for removal is untrue. He titled his Notice of Removal as a "Notice of Removal Pursuant to 28 U.S.C. §1441, 1443(1), and 1446." And, as grounds for removal, he states, "This case is removable under 28 U.S.C. § 1441(a) as a civil matter over which this Court would have original jurisdiction." ECF No. 1 at 1. Moreover, ruling against a party does not constitute a reason for recusal.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Recuse or Reassign District Judge to Ensure Neutral and Constitutional Adjudication of Civil Rights Removal under 28 U.S.C. §1443(1) is **DENIED**. [ECF No. 13]

Dated this 18th day of July, 2025.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE